J-A02038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CITI MORTGAGE, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RANDY ROCCO | |
| Appellant | No. 857 EDA 2014 |

Appeal from the Order February 18, 2014
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2009 13417

BEFORE:  PANELLA, J., LAZARUS, J., and WECHT, J.

JUDGMENT ORDER BY PANELLA, J.                    **FILED APRIL 07, 2015**

Appellant, Randy Rocco, appeals *pro se* from the order entered February 18, 2014, by the Honorable Wallace H. Bateman, Court of Common Pleas of Bucks County, which entered summary judgment in favor of Appellee, CitiMortgage, Inc., in the underlying mortgage foreclosure action. We affirm.

We briefly set forth the uncontested facts of this case as follows.  On January 7, 2003, Rocco executed a mortgage on property located at 224 Creekwood Drive, Feasterville Trevose, Pennsylvania 19053.  In 2007, the mortgagee, ABN AMRO Mortgage Group merged with CitiMortgage.  Rocco defaulted on the mortgage in 2009.  On December 21, 2009, CitiMortgage moved to foreclose on the property as successor by merger.  In his Answer to the Complaint, Rocco generally denied the averments of default.

Citi Mortgage filed a Motion for Summary Judgment. Rocco filed a response, as well as a Cross-Motion for Summary Judgment in which he raised several allegations of fraud. The trial court entered an order granting CitiMortgage's motion for summary judgment. This timely *pro se* appeal followed.

We review a challenge to the entry of summary judgment as follows:

> [We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Const. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted).

In actions for *in rem* foreclosure due to the defendant's failure to pay a debt, summary judgment is proper where the defendant admits that he had failed to make payments due and fails to sustain a cognizable defense to the plaintiff's claim. *See Gateway Towers Condo. Ass'n v. Krohn*, 845 A.2d

- 2 -

855, 858 (Pa. Super. 2005); *First Wis. Trust. Co. v. Strausser*, 653 A.2d 688, 694 (Pa. Super. 1995).

On appeal, Rocco has distilled the 13 issues raised in his Rule 1925(b) statement into five claims. Rocco's *pro se* brief is at times difficult to decipher, and often makes sweeping claims that are ultimately unsubstantiated. The trial court, in its May 12, 2014 opinion, has done an admirable job of parsing Rocco's claims and disposing of the arguments on the merits. We have reviewed Rocco's brief, the relevant law, the certified record, and the well-written opinion of Judge Bateman. Having determined that the trial court's opinion ably and comprehensively disposes of Rocco's issues on appeal, with appropriate reference to the record and without legal error, we will affirm based on that opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2015

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION

CITI MORTGAGE, INC.,         :      No. 2009-13417

       v.                             :

RANDY ROCCO,                :

# OPINION

## I.   INTRODUCTION

Randy Rocco, *pro se* (herein "Appellant") has appealed the Order entered by this Court on February 18, 2014, granting Plaintiff Citi Mortgage, Inc. (herein "Appellee") summary judgment in this mortgage foreclosure action. Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), we file this Opinion in support of this Court's ruling.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

On January 7, 2003, Appellant executed a mortgage and promissory note in the principal sum of $220,000.00 for the property located at 224 Creekwood Drive, Feasterville Trevose, Pennsylvania 19053 (the "Property"). On December 21, 2009, Appellee filed its Complaint in Mortgage Foreclosure alleging the mortgage was in default because monthly payments of principal and interest were due and unpaid for August 1, 2009 and each month thereafter. On May 12, 2010, Appellant filed an Answer to the Complaint wherein Appellant "Admitted" paragraphs 1 and 2 of the Complaint regarding the names and addresses of the parties to this matter. Appellant merely provided "Denied" to the averments contained in paragraphs 3 through 10 of Appellee's Complaint.

While not relevant to this appeal of our February 18, 2014 Order granting summary judgment to Appellee, we provide a brief background of the Motion to Strike filed by Appellee

as it was addressed numerous times in Appellant's Concise Statement of the Matters Complained of on Appeal. The docket reflects approximately two years of inactivity, which resulted in a termination notice from this Court under B.C.R.J.A. 29. Appellee thereafter filed a certificate of active status on June 28, 2012. On July 18, 2012, Appellee filed a Praecipe to Withdraw the Complaint and a Praecipe to Discontinue and End this action. On January 8, 2013, Appellee filed a Motion to Strike the foregoing praecipes, alleging that they were filed erroneously due to an inadvertent clerical error. On January 18, 2013, Appellant filed a Reply to the Motion to Strike, and the parties filed various responses thereafter. We issued an Order on May 13, 2013 granting Appellee's Motion to Strike.

The docket notes that Appellant filed a Motion for Leave to File a Counterclaim on May 24, 2013, Appellee filed a Reply to Appellant's Motion on June 11, 2013, and Appellant responded to Appellee's Reply on June 26, 2013. However, Appellant's Motion was procedurally defective as it did not contain a Praecipe for Determination and was therefore inappropriate for B.C.R.C.P. 208.3(b) disposition. Therefore, the motion was not ripe for the Court's review and never decided by the Court.

On August 22, 2013, Appellee filed its Motion for Summary Judgment claiming that the allegations of the Complaint were uncontroverted and therefore, no genuine issue of material fact existed. On September 9, 2013, Appellant filed his Response to Appellee's Motion for Summary Judgment and a Cross-Motion for Summary Judgment in which Appellant raised several allegations of fraud, which is also the basis for a number of issues raised in Appellant's Concise Statement. Various responsive pleadings followed thereafter. Upon review of the filings and the allegations therein, we determined that there was no genuine issue of material fact as Appellant failed to provide evidence to support his claims. On February 18, 2014, we issued an Order

granting Appellee's Motion for Summary Judgment, which is the basis of this appeal. Appellant filed his Notice of Appeal to the Superior Court on March 17, 2014.

## III. ISSUES

Appellant has raised thirteen matters on appeal. They are as follows *verbatim*:

1. Did the Trial Court err as a matter of law and abuse its discretion in granting CITI MORTGAGE, INC.'s, (hereinafter "CITI"), Motion to Strike and Dismiss Praecipe To Withdraw The Complaint and Mark the Matter Discontinued And Ended Without Prejudice where Appellee's petition failed to state a claim upon which relief may be granted[?]

2. Whether the Due Process Clause of the US Constitution's Fourteenth Amendment requires that the Appellant be afforded an opportunity to be heard "orally" on the substance of the said motion to strike in paragraph one, and what, at a minimum, must that "hearing" entail?

3. Did not the lower court abuse its discretion, err as a matter of law and violate appellant's rights to due process under the Federal and state constitutions by overruling appellant's objection because of fraud to said motion to strike in paragraph one[?]

4. Whether the trial court erred as a matter of law, abused its discretion and committed reversible error granting summary judgment to CITI who is purporting to be foreclosing on Rocco's Property without standing to do so and whether the lower court furthered [*sic*] erred as a matter of law in permitting the Plaintiff, CITI MORTGAGE, INC., who after filing a Foreclosure Complaint In Rem on December 21, 2009 purported to change procedure into one of equity causing prejudice to Rocco, over his objection[?]

5. Whether the trial court erred as a matter of law, abused its discretion and committed reversible error in excluding Appellants [*sic*] counterclaims of fraud and negligence against Appellees[?]

6. Whether the trial court abused his discretion and/or erred as a matter of law in granting summary judgment to appellee, without allowing plaintiff any discovery [?]

7. Was it error to grant CITI's motion for summary judgment when genuine issues of fact exist regarding that:
    (a) All documents submitted by Plaintiff are forgeries or otherwise fraudulent.

R962

    (b) The document purported to [be] the Mortgage is a forgery, a false and fraudulent document that is void and cannot support this statutory foreclosure action as a matter of law.

    (c) The document purported to [be] the Note is a forgery, a false and fraudulent document that is void and cannot support this statutory foreclosure action as a matter of law.

    (d) There is no "valid mortgage" brought with this complaint. Pa. R. Civ. P. 1147.

    (e) CITI is a servicer, not a mortgagee.

    (f) The original debt to mortgage the subject property was extinguished and the Lender was paid.

    (g) Rocco is the true and rightful owner of the subject property 224 Creekwood Drive, Feasterville, PA 19053.

    (h) CITI is foreclosing on Rocco's Property without standing to do so and on December 21, 2009 the Plaintiff, CITI MORTGAGE, INC. filed a Foreclosure Complaint In Rem.

    (i) CITI failed to properly authenticate documents according to the law, its agent's Affidavit is Hearsay.

8. The trial court erred when it entered summary judgment [in] CITI's favor on its claims when there exists evidence of fraud because Loan officer Sharon Grove as a notary cannot sign the note document for the note and as a witness to her own purported sworn certification on the same page an [*sic*] then notarize her own signature.

9. The trial court erred when it entered summary judgment [in] CITI's favor on its claims when there exists evidence of fraud because Loan officer Sharon Grove as a notary cannot sign the mortgage document for the mortgagee and as a witness to her own purported sworn certification on the same page an [*sic*] then notarize her own signature.

10. Where the Counter-Complaint alleges fraudulent procedural actions by CITI may the trial court enter a summary judgment based upon documents before the fact finder determines the disputed factual issue of fraud in the procurement[?]

11. Did the trial court err as a matter of law where, for the purpose of summary judgment, it failed to view all evidence in the light most favorable to Plaintiff and to consider objective circumstantial evidence showing that Defendants committed fraud[?]

12. The Affidavit submitted by CITI is hearsay and should have been stricken in its entirety[.]

R 978

13.   THE TRIAL COURT ERRED BY GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACTS EXIST.

## IV.   ANALYSIS OF ISSUES

We note that Appellant takes the opportunity to raise issues not relevant to an appeal of this Court's February 18, 2014 Order granting Appellee summary judgment. Nonetheless, we attempt to address the numerous issues raised in Appellant's Concise Statement of the Matters Complained of on Appeal.

We are cognizant of the fact that Appellant is a *pro se* party. However, *"pro se* representation does not relieve appellant of his duty to properly raise and develop his appealable claims." *First Union Mortgage Corp. v. Frempong*, A.2d 327, 337 (Pa. Super. 1999). "Appellant has chosen to proceed *pro se* and he cannot expect our court to act as his attorney." *Id.* Furthermore, the Superior Court has stated that "while this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our Supreme Court has explained, 'any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.'" *O'Neill v. Checker Motors Corp.*, 567 A.2d 680, 682 (1989) (quoting *Vann v. Com., Unemployment Comp. Bd. of Review*, 494 A.2d 1081, 1086 (1985)).

The Superior Court has also explained that "a Concise Statement which is too vague to allow the Court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all. Even if the trial court correctly guesses the issues Appellants raise on appeal and writes an opinion pursuant to that supposition the issues [are] still waived." *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 210 (Pa. Super. 2008) (internal citations omitted). The Court is unable to

R982

determine the particular issues raised in Appellant's Concise Statement number 4 and 12. Pursuant to the legal authority cited above regarding *pro se* litigants and vague issues in a Concise Statement, we do not offer a response. We attempt to specifically address all other matters raised by Appellant.

### A. Motion to Strike

While not relevant to this appeal of the grant of a Motion for Summary Judgment, we address the various issues Appellant raises with regard to the Motion to Strike filed by Appellee. In his Concise Statement number 2, Appellant questions his right to be heard orally with regard to the Motion to Strike filed by Appellee pursuant to the Due Process Clause of the Fourteenth Amendment. However, neither party requested oral arguments via praecipe as required by local rules.

B.C.R.C.P. 208.3(b)(6) states that "[u]nless oral argument has been requested by the moving party in the praecipe, or by any other party within the 10-day period specified in subsection (2) hereof, the matter shall be disposed of by written order . . . ." Appellee did not request oral argument via praecipe when it filed its Motion to Strike. In his Response to the Motion, Appellant stated that he "requests that the case be dismissed and requests a hearing before any determination of his rights." Although Appellant may have desired oral arguments, Appellant's request failed to satisfy the praecipe requirement of B.C.R.C.P. 208.3(b)(6). Therefore, this Court was not required to provide oral arguments and was permitted to dispose of the matter by written order. We again note that while Appellant is a *pro se* litigant, he is not entitled to any particular advantage because he lacks legal training.

In Concise Statement number 1, Appellant's complaint that the Motion to Strike failed to state a claim upon which relief may be granted is not meritorious. At Concise Statement number

R 99a

3, Appellant also questions whether this Court abused its discretion, erred as a matter of law, or violated his right to due process by "overruling appellant's objection because of fraud to said motion to strike . . . ." Appellant is misguided in his understanding of the Motion to Strike. A Motion to Strike is a procedural mechanism parties may file to remove part or all of a pleading. In this matter, Appellee utilized the Motion to Strike in order to strike praecipes it alleges were mistakenly filed. It was within this Court's power and jurisdiction to grant the Motion to Strike. Further, we specifically address Appellant's contentions of fraud below in the section regarding our grant of summary judgment as Appellant raised the same claims in his responsive pleadings to Appellee's Motion for Summary Judgment.

B. **Motion for Leave to File a Counterclaim**

Although not relevant to this appeal of the grant of a Motion for Summary Judgment, here we address Appellant's contentions with regard to his Motion for Leave to File a Counterclaim. In Concise Statement number 5, Appellant questions whether this Court "erred as a matter of law, abused its discretion and committed reversible error in excluding Appellants [*sic*] counterclaims of fraud and negligence." Appellant misstates the facts as this Court never excluded and, in fact, never ruled upon Appellant's counterclaims.

B.C.R.C.P. 208.3(b)(2) requires that "when the matter is at issue and ready for decision, the moving party on the application shall, by praecipe, order the same to be submitted for disposition pursuant to this rule." The docket notes that Appellant filed a Motion for Leave to File a Counterclaim on May 24, 2013, Appellee filed a Reply to Appellant's Motion on June 11, 2013, and Appellant responded to Appellee's Reply on June 26, 2013. However, Appellant's Motion was procedurally defective as it did not contain a Praecipe for Determination and was therefore inappropriate for B.C.R.C.P. 208.3(b) disposition. Therefore, the motion was not ripe

for the Court's review and never decided by the Court. Consequently, Appellant did not obtain leave to file the counterclaim and never attempted to re-file the motion with the required praecipe.[1]

Thus, this Court did not err as a matter of law, abuse its discretion, nor commit reversible error as Appellant's motion never reached the Court for determination.

## C. Summary Judgment was Appropriately Granted

Here, we separately address the summary judgment issues raised by Appellant's Concise Statement of the Matters Complained of on Appeal numbers 6 through 11 and 13.

The scope of review of an order granting or denying summary judgment is plenary. *Universal Teleservices, Arizona, LLC v. Zurich American Ins. Co.*, 879 A.2d 230, 232 (Pa. Super. 2005). The well-established standard of review demonstrates that "the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion." *Universal Health Services, Inc. v. PIGA*, 884 A.2d 889, 892 (Pa. Super. 2005). "An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will." *Chaney v. Meadville Medical Center*, 912 A.2d 300, 306 (Pa. Super. 2006);*citing Harman v. Borah*, 756 A.2d 1116, 1123 (Pa. 2000).

Under Pennsylvania Rule of Civil Procedure 1035.2, summary judgment may be rendered as a matter of law:

> (1) whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report; or

---

[1] We note the high standard required for counterclaims in mortgage foreclosure actions. Pa.R.C.P. 1148 provides that "[a] defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose."

*R/a/2*

(2) if after the completion of discovery relevant to the motion ... an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Summary judgment is appropriate when the moving party establishes that the case is free and clear of doubt, that there are no genuine issues of material fact, and the moving party is entitled to relief as a matter of law. *Summers v. Certainteed Corp.*, 997 A.2d 1152 (Pa. 2010). The function of the Court is to examine the record in the light most favorable to the non-moving party and accept as true all well-pleaded facts in the pleadings together with all reasonable inferences there from favoring the non-moving party. *Ryan v. Asbestos Corp. Ltd.*, 829 A.2d 686 (Pa. Super. 2003). The burden is on the moving party, but it has long been recognized that summary judgment should be granted to the movant unless the opposing party offers competent evidence, which would be admissible at trial, showing that there is a genuine issue as to a material fact that would warrant submitting the case to the trier of fact. *Community Medical Services of Clearfield, Inc. v. Local 2665*, 437 A.2d 23, 27 (Pa. Super. 1981).

Here, this Court neither erred as a matter of law nor abused its discretion in granting summary judgment in favor of Appellee because no material facts are at issue. "Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication." Pa.R.C.P. 1029(b). Pa.R.C.P. 1029(c)(1) provides that "[a] statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as the truth of an averment shall have the effect of a denial." However, a responding party "may not rely upon Rule 1029(c)(1) to excuse a failure to make a specific denial of factual allegations contained in a complaint when it is clear that the [responding party] must know whether a particular allegation is true or false." *Cercone v. Cercone*, 386 A.2d 1, 4 (1978). Further, "in mortgage foreclosure actions, general denials by

R/02a

mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts." *First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 692 (Pa. Super. 1995). The rationale is that apart from the moving party, "[mortgagors] are the only parties who would have sufficient knowledge on which to base a specific denial." *New York Guardian Mortgage Corp. v. Dietzel*, 524 A.2d 951, 952 (1987). Thus, in the absence of any evidence to refute the moving party's averments, general denials essentially constitute admissions. *See Strausser*, 653 A.2d at 692.

In his Answer, Appellant generally denied paragraphs three (3) through ten (10) of Appellee's Foreclosure Complaint, which included averments regarding the existence of a mortgage entered into by Appellant, default by Appellant, and amounts due and unpaid under the mortgage. Appellant merely provided "Denied" to these averments despite being in a position to have sufficient knowledge on which to base a specific denial. Therefore, Appellant's general denials essentially constituted admissions. *See Strausser*, 653 A.2d at 692.

Appellant submitted a Cross-Motion for Summary Judgment in which Appellant raised several allegations of fraud, which is also the basis for a number of issues raised in Appellant's Concise Statement. Upon review of these allegations, we determined that there was no genuine issue of material fact as Appellant failed to provide evidence to support his claims. Appellant alleged that the mortgage and note are fraudulent documents. In particular, Appellant claimed that Sharon Grove, an agent of Mortgagee, notarized her own signature. Furthermore, Appellant alleged that the purported mortgage instrument was not a true copy of any document executed by him and therefore a forgery. Appellant attached a copy of the mortgage instrument to his Cross-Motion, which appears to contain Appellant's signature, Sharon Grove's signature, and Sharon Grove's notarial seal. Appellee has pointed out that Sharon Grove was not notarizing her own

signature. Rather, she was notarizing the signature of Appellant, which is evident from the statement contained prior to her notarial seal. It states that before her personally appeared Randy L. Rocco, the Appellant in this matter, "whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained. In witness whereof I hereunto set my hand and official seal." Appellant has failed to offer any competent evidence, which would be admissible at trial, to support his contentions of fraud and forgery. *See Community Medical Services of Clearfield, Inc. v. Local 2665*, 437 A.2d 23, 27 (Pa. Super. 1981). Appellant also argued that the "original debt to mortgage the subject property was extinguished and the Lender was paid." Again, Appellant failed to provide evidentiary support for this contention, and therefore, no genuine issue of material fact was established.

Finally, Appellant also questions whether this Court's grant of summary judgment was an abuse of discretion and/or error as a matter of law because he was not allowed any discovery. First, it is important to note that the Complaint in Mortgage Foreclosure was first filed on December 21, 2009, and Appellant filed his Answer on May 12, 2010. It was not until February 18, 2014 that we granted Appellee's Motion for Summary Judgment. Appellant was afforded ample time and opportunity to conduct discovery to support his allegations of fraud, satisfaction of the mortgage, or any other claim. Moreover, summary judgment may be granted "whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery . . . ." Pa.R.C.P. 1035.2. Thus, discovery does not need to be completed in order for this Court to rule on Motions for Summary Judgment. *See* Pa.R.C.P. § 1035.2(1). Nonetheless, Appellant's claim that additional discovery is required is inadequate because Appellant has not provided this Court with explanation as to what discovery is needed.

R/04a

## V.   CONCLUSION

For the foregoing reasons, this Court perceives that the issues of which Appellant has complained in this appeal are without merit, and that this Court's Order granting summary judgment to Appellee was supported by both the law and the record in this case. We respectfully request the Superior Court to affirm this Court's decision.

BY THE COURT:

Date: May 12, 2014

WALLACE H. BATEMAN, Jr. J.

P105a