**Rose Ann PILUSO, Appellant,**

v.

**Harry S. COHEN, Esquire and Cohen and Derenzo, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 17, 2000.

Filed Nov. 6, 2000.

Reargument Denied Jan. 19, 2001.

Alexander H. Lindsey, Butler, for appellant.

Edmund L. Olszewski, Pittsburgh, for appellees.

Before CAVANAUGH, EAKIN and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Rose Ann Piluso appeals from the January 4, 2000 Order granting the motion for summary judgment of appellees, Harry S. Cohen and Cohen and Derenzo, in this legal malpractice action.

¶ 2 A jury trial on appellant's underlying medical malpractice action was scheduled to be held on October 14, 1996. After jury selection, the case was settled with respect to the hospital and two doctors for $100,000 (the settling defendants) by counsel for appellant, Cohen (an appellee herein). The settlement agreement was reached in chambers and not in the presence of appellant. The case then proceeded to trial against only the non-settling doctor. On October 21, 1996, the jury returned a verdict in the amount of $1,500,000, apportioning no liability on Dr. Selvaraj, the non-settling doctor, and all liability on Drs. Moore and Polenta and Armstrong County Memorial Hospital, the parties covered by the settlement. The trial court enforced the settlement and appellant filed a legal malpractice action against appellees.

¶ 3 Appellant argues she "never consented to [the] settlement, never authorized Attorney Cohen to make [the] settlement and never signed any release." Appellant's brief at 6.[1] She claims she was unaware of the October 15, 1996 settlement until the following day when she questioned Cohen as to why the settling defendants were not present in the courtroom. Appellant contends that while she expressed immediate dissatisfaction with the settlement to Cohen, she refrained from mentioning her dissatisfaction to anyone else at appellees' direction.

¶ 4 While it is appellees' position that they were acting with appellant's full and express authority in entering into the settlement agreement, we review this matter in the light most favorable to appellant, as the non-moving party.

We will only reverse the trial court's entry of summary judgment where the trial court committed an abuse of discretion or an error of law. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.... In determining whether to grant summary judgment a trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. Summary judgment may only be granted in cases where it is clear and free from doubt the moving party is entitled to judgment as a matter of law.

*Bullman v. Giuntoli*, 761 A.2d 566, 571, 2000 Pa.Super.LEXIS 2598, *4 (Pa.Super.2000), *quoting Sebelin v. Yamaha Motor Corp.*, 705 A.2d 904, 906 (Pa.Super.1998).

¶ 5 In *Yarnall v. Yorkshire Worsted Mills*, 370 Pa. 93, 87 A.2d 192 (1952), our Supreme Court determined that "[a] client ratifies his attorney's act if he does not repudiate it promptly upon receiving knowledge that the attorney has exceeded his authority." *Id.* at 96, 87 A.2d at 193.

"[A] client may ratify his attorney's acts; and 'an affirmance of an unauthorized transaction may be inferred from a failure to repudiate it': Restatement, Agency, § 94. Indeed, a client makes his attorney's act his own if he does not disavow it the first moment he receives knowledge that his attorney has transcended his authority."

---

1. The record reveals that the oral settlement conference was recorded by the court stenographer in chambers and that a written release embodying the terms of the settlement was executed thereafter. *Piluso v. Polenta*, 455 Pittsburgh 1997 (Pa.Super. filed October 17, 1997) (unpublished Memorandum).

*Id.* at 96, 87 A.2d at 193, *quoting Baumgartner v. Whinney,* 156 Pa.Super. 167, 39 A.2d 738, 740 (1944).

¶ 6 Upon review of the evidence, it is clear that appellant ratified counsel's actions by failing to promptly repudiate them. It is undisputed that, upon learning that a settlement had been reached, appellant took no action to repudiate counsel's authority to enter into the settlement. To the contrary, appellant, at a minimum, acquiesced in her counsel's actions and, through her silence, allowed the agreement to be carried out. Despite her argument that she was unaware of the settlement and prevented from voicing her disapproval when she became aware of it, the evidence establishes that she was fully aware of the settlement and its effect upon her medical malpractice case.

> It is undisputed that [appellant] was aware of the amount of the offer ($100,-000), prior to the opening statements, and that [the settling defendants] were out of the suit. It is undisputed that armed with such clear and unequivocal knowledge she participated in and allowed the suit to proceed through five days of trial.

(Trial Court Opinion, Feudale, S.J., 1/7/2000, at 1.) Moreover, a review of the evidence in the light most favorable to appellant establishes that she knew of the settlement on October 16, 1996 and waited until after the verdict was returned (October 21, 1996) to voice her disapproval. Clearly, appellant discovered a problem with the settlement only after an unfavorable result at trial, wherein the parties insulated by the settlement were found by a jury to be jointly and severally liable.

¶ 7 In *Muhammad v. Strassburger, et al.,* 526 Pa. 541, 587 A.2d 1346 (1991), our Supreme Court decided, "we will not permit a suit to be filed by a dissatisfied plaintiff against his attorney following a settlement to which that plaintiff agreed, unless that plaintiff can show he was fraudulently induced to settle the original action." *Id.* at 546, 587 A.2d at 1348. Further,

> Settlement of matters in dispute [is] favored by the law and must, in the absence of fraud and mistake, be sustained. Otherwise any settlement agreement will serve no useful purpose. It is also clear that where a litigant does not attempt to repudiate immediately the authority of his counsel to enter into a settlement, but rather accepts the benefits flowing from the settlement, he ratifies the act of the attorney and will not be later heard to claim that his attorney acted without authority.

*Greentree Cinemas, Inc. v. Hakim,* 289 Pa.Super. 39, 432 A.2d 1039, 1041 (1981) (internal quotations and citations omitted).

> [W]e foreclose the ability of dissatisfied litigants to agree to a settlement and then file suit against their attorneys in the hope that they will recover additional monies. To permit otherwise results in unfairness to the attorneys who relied on their client's assent and unfairness to the litigants whose cases have not yet been tried. Additionally, it places an unnecessarily arduous burden on an overly taxed court system.

*Muhammad v. Strassburger, et al., supra,* at 552, 587 A.2d at 1351.

¶ 8 Upon review of the record, we find no allegation of fraud or mistake. Accordingly, as it is clear and free from doubt appellees were entitled to judgment as a matter of law, we find summary judgment was appropriately granted.

¶ 9 Finally, appellant argues the trial court erred in denying her motion for partial summary judgment on the issue of damages, as she claims she suffered $1,400,000 in damages as a result of appellees' malpractice. Appellant's argument as to damages, however, is purely speculative and the denial of her motion was appropriate.

¶ 10 While the jury returned a verdict in the amount of $1,500,000 and apportioned the liability on only the settling defen-

dants, there is no way of determining what the result would have been had there been no settlement and had all defendants proceeded to trial. The settling defendants, in putting on their case and in cross-examining witnesses, likely may have altered the perceptions of the jury with respect to the issues of both liability and damages. As the trial court explained:

> ... Defendants dropped out of the trial. They did not defend serious charges of negligence made against them. They presented no expert testimony that they acted reasonably under the circumstances despite the existence of same. They did not cross-examine witnesses nor did they present opening and closing arguments to the jury. Perhaps most compelling is the fact that they did not refute the damning accusations made against them by the attorney for the remaining Defendant. It is quite possible (and even likely considering the dearth of evidence on the issue of damages) that had the settling Defendants remained in the trial, the result would have been substantially different.

(Trial Court Opinion, Nickleach, P.J., 12/27/96, at 6.)

¶ 11 Based upon the foregoing, we find no abuse of discretion and that summary judgment was properly awarded in favor of appellees.

¶ 12 Order affirmed.

¶ 13 CAVANAUGH, J., concurs in the result.