Theresa **RYAN**, Executrix of the Estate of Robert Ryan, Deceased and Widow in her Own Right, Appellant,

v.

**ASBESTOS CORPORATION LTD. and Bell Mines, Ltd., Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 19, 2002.

Filed June 20, 2003.

Reargument Denied Aug. 25, 2003.

Richard P. Myers, Philadelphia, for appellant.

Janet Golup, Philadelphia, for appellees.

Before: DEL SOLE, P.J., KLEIN and CAVANAUGH, JJ.

DEL SOLE, P.J.

¶ 1 Theresa Ryan, Executrix of the Estate of Robert Ryan, appeals from the trial court order granting summary judgment in favor of Appellees. Upon review, we affirm.

¶ 2 The trial court aptly summarized the factual and procedural history of this case as follows:

> Plaintiff originally filed a complaint in 1997, alleging that Plaintiff, Robert Ryan, decedent, had been diagnosed as having contracted esophageal cancer and asbestosis from exposure to defendants' asbestos products. Mr. Ryan died June 5, 1995 of esophageal cancer. At the time of trial, plaintiff's counsel withdrew the claim of esophageal cancer and the matter was subsequently removed from the malignancy trial group and placed in the non-malignant asbestos group for trial at a later date on the asbestosis claim only.

Trial Court Opinion, 7/8/02, at 1–2.

¶ 3 Prior to trial, Appellees filed a motion for summary judgment arguing that

Appellant had failed to establish a compensable injury under *Giffear v. Johns–Manville Corp.*, 429 Pa.Super. 327, 632 A.2d 880 (1993), *aff'd sub nom. Simmons v. Pacor, Inc.*, 543 Pa. 664, 674 A.2d 232 (1996). The trial court granted Appellees' motion, and this appeal followed.

¶ 4 On appeal, Appellant presents a single issue for our review:

Did the lower court abuse its discretion by failing to interpret the evidence of record in the light most favorable to Plaintiff as the non-moving party?

Appellant's Brief at 3.

¶ 5 We have held that:

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.... In determining whether to grant summary judgment a trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. Summary judgment may only be granted in cases where it is clear and free from doubt the moving party is entitled to judgment as a matter of law.

*Piluso v. Cohen*, 764 A.2d 549, 550 (Pa.Super.2000). On an appeal from a grant of summary judgment, a reviewing court must examine the record in a light most favorable to the nonmoving party, accepting as true all well-pleaded facts and giving that party the benefit of all reasonable inferences which can be drawn from those facts. *Hoffman v. Brandywine Hosp.*, 443 Pa.Super. 245, 661 A.2d 397 (1995). The Superior Court will reverse a grant of summary judgment only when the trial court has committed an error of law or abused its discretion. *Butterfield v. Giuntoli*, 448 Pa.Super. 1, 670 A.2d 646 (1995).

¶ 6 The well-established law in Pennsylvania, in asbestos cases, is that damages may only be awarded for a compensable injury where a plaintiff is diagnosed with an asbestos-related condition and has suffered a discernible physical symptom, a functional impairment or disability resulting from said asbestos exposure. *Giffear*. Appellant argues that Mr. Ryan suffered from shortness of breath and that this "... is exactly that type of 'demonstrable symptom' which this court required for trial in *Giffear* (citation omitted)." Appellant's Brief at 12–13. Appellant further contends that although Dr. Spector may not have used the "magic words," specifically stating that Mr. Ryan suffered from shortness of breath, that the report clearly indicates that he suffered from restricted breathing. Appellant's Brief at 9. Appellant also points to the pulmonary function test results as indicating that Mr. Ryan suffered from shortness of breath. Appellant's Brief at 10–11.

¶ 7 Conversely, Appellee argues that Dr. Spector's report does not reveal that Mr. Ryan suffered from any shortness of breath as a result of the alleged asbestosis. Appellee asserts that because no symptoms have been attributed to the asbestosis, this is not a compensable injury pursuant to *Giffear*.

¶ 8 Pleural thickening, absent disabling consequences or manifest physical symptoms, is a non-compensable injury and is therefore not a cognizable claim. *Giffear*, 632 A.2d at 884. This Court has held that shortness of breath alone is not a compensable injury under *Giffear* because it is not a discernible physical symptom, a functional impairment, or a disability. *Taylor v. Owens–Corning Fiberglas Corp.*, 446 Pa.Super. 174, 666 A.2d 681, 687, n. 2 (1995). In coming to this conclusion, the court explained that:

It is common knowledge that breathlessness is also associated with any number of non-asbestos-related ailments including lung cancer, excessive cigarette smoking, heart disease, obesity, asthma, emphysema and allergic reactions.

*Taylor*, 666 A.2d at 687, n. 2.

¶ 9 A close reading of *Taylor* reveals that shortness of breath, without any evidence that the shortness was caused by asbestosis, is not a compensable injury. In *Taylor* there was no evidence linking the symptom to the diagnosis of asbestosis. Therefore, in *Taylor,* there was no compensable injury. Where the symptom of shortness of breath is causally related to a diagnosis of asbestos, a compensable injury does in fact exist.

¶ 10 Much of the dispute between the parties focuses on whether Dr. Spector's report, or other potential evidence, identifies Mr. Ryan's shortness of breath as a symptom that was directly related to a diagnosis of asbestosis. After careful review of the report, we find that Dr. Spector's report does not assert or conclude that Mr. Ryan suffered from shortness of breath due to the diagnosis of asbestosis. Moreover, we find no evidence of record that indicates that Mr. Ryan's shortness of breath was causally related to the diagnosis of asbestosis. Accordingly, no compensable injury exists under *Giffear.* The trial court properly granted Appellees' motion for summary judgment.

¶ 11 Order affirmed.

¶ 12 KLEIN, J. files a concurring statement.

KLEIN, J., Concurring.

¶ 1 While I agree with the conclusion of Judge Tereshko and the majority, I find this case presents a difficult issue. Plaintiff/Appellant relies on an expert report to get beyond summary judgment. The expert report is written for medical professionals, not legal professionals. However, it is Plaintiff/Appellant's obligation to show that the legal standard for recovery has been met.

¶ 2 In many cases, because mass torts are often assigned to a single judge, the medical shorthand can be sufficient for the judge to conclude that enough has been presented to survive summary judgment. That is not the situation here.

¶ 3 I supervised the asbestos case program in Philadelphia for many years. Therefore, in many cases I understand the language of a medical report well enough to glean that a plaintiff suffered symptoms from asbestosis. I am sure Judge Terseko's experience is similar.

¶ 4 However, the instant situation is not the normal case where a pulmonary expert says a plaintiff has parenchymal asbestosis

¶ 5 In a "standard" case, if a pulmonary physician can make a diagnosis of parenchymal asbestos [1] by x-ray and pulmonary function test [2] (scarring in the body of the lung as opposed to the pleura or lining of the lung) this shorthand diagnosis carries with it the presumption that the disease is symptomatic. However, in this case, it is clear that there was major shortness of breath from the metastatic cancerous lung tumor resulting from a primary cancer of the esophagus. There also could be shortness of breath from the smoking history.

---

1.  Scarring in the body of the lung caused by asbestos exposure, which causes a "restrictive" disease and shortness of breath.

2.  A breathing test that can determine lung function and whether reduced function is from a "restrictive" disease, such as asbestosis, or an "obstructive" disease, often caused by smoking.

Dr. Harvey Spector, the plaintiff's medical expert, is a pathologist. He does not report on any tests done prior to the lung cancer.

¶ 6 Dr. Spector does report pathological evidence of "interstitial fibrosis with 'honeycombing' and scattered asbestos bodies." This is typical of parenchymal asbestosis, and if significant, would cause shortness of breath. However, often diagnoses can be made by autopsy that cannot be diagnosed by x-ray or pulmonary function test. In any event, this is not a case where it is clear the parenchymal asbestos is at a stage where it is symptomatic, certainly not in the face of shortness of breath from other causes. However, this is only a pathological finding, and although honeycombing usually does indicate a relatively more advanced case of asbestos, in view of the major shortness of breath from the cancer, it is unclear whether the pathological finding is indicative of significant symptoms from asbestos exposure relative to the symptoms from the cancer. This is the report of a pathologist, not a pulmonary specialist.

¶ 7 For these reasons, I agree that plaintiff has not met his burden of showing shortness of breath from asbestos as opposed to the lung cancer. I agree with the decision of Judge Tereshko and the majority.