J-S29033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RAYMOND JOSEPH SMOLSKY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAWN E. GALE | : | No. 2872 EDA 2016 |

Appeal from the Order Entered August 12, 2016
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2013-05846

BEFORE:   LAZARUS, SOLANO, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 26, 2017**

Raymond Joseph Smolsky ("Appellant"), appeals from the order entered by the Court of Common Pleas of Bucks County granting Dawn Gale's ("Appellee") motion for summary judgment and dismissing Appellant's civil complaint.  We affirm.

The trial court aptly summarizes the procedural and factual history of the case as follows:

> On July 31, 2013, Appellant filed a Complaint against Appellee for violating Appellant's "inherent rights of mankind" under Article I, Section 1 of the Pennsylvania Constitution[,] . . . for actions arising out of the care of Appellant's now-deceased father, who suffered from dementia.  Complaint 07/31/13, ¶¶ 1[, 9-12, 14,] 19; Defendant's Motion for Summary Judgment, ¶ 8.  Though no oral testimony occurred, Appellant averred the following in his Complaint and his Answer to Appellee's New

---

[*] Former Justice specially assigned to the Superior Court.

matter: (1) while Appellant cared for Appellant's father, she screened his calls out of jealousy of their father-son relationship; (2) Appellee refused to allow a neighbor, with Appellant's Power fo Attorney, into Appellant's father's home; (3) Appellee instructed the hospice nurses to not answer calls from the Appellant' (4) Appellee treated Appellant's father poorly out of spite; (5) Appellee ignored Appellant's phone calls because Appellee was engaging in an extramarital affair with one of the hospice nurses in the home; and (6) Appellee fraudulently claimed Appellant has been calling her residence, not Appellant's father's residence. Complaint 7/13/13, ¶¶ 9-12, 14-18.

Appellee averred that due to the Appellants' now deceased father's dementia, speaking with his son on the telephone upset him because he did not understand [with] who[m] he was speaking []. Defendant's Motion for Summary Judgment, ¶ 8; Defendant's Answer to Plaintiff's Complaint Together with New Matter 2/7/14, ¶ 12-13. Appellee averred Appellant has not resided in the home he claims as his domicile, in the twenty-five (25) years due to incarceration.[1] Defendant's Answer to Plaintiff's Complaint Together with New Matter. 2/7/14, ¶ 6.

---

[1] Appellant was sentenced to a twenty-two-and-a-half (22.5) to forty-five (45) year sentence for corruption of minors, involuntary deviate sexual intercourse and rape.

---

\*\*\*

To provide more context of what [Plaintiff/]Appellant is actually claiming, [the trial court] includes the "Summary of Claims" outlined by Appellee in his Complaint:

> The Plaintiff avers that the Plaintiff's most-cherished inherent rights of mankind Article I. [sic] Section 1. [sic] By the Constitutioan of the Commonwatlh of Pennsylvania, is [sic] being [sic] violated and Plaintiff's most-cherished of [sic] loving rights of his Father-Son sharing of [sic] their enjoyments of natural senior-years of life and happiness together, is [sic] wantonly and recklessly purposefully being interfered with by the Defendant in order to deprive the Plaintiff these human rights and cause ot the Plaintiff extreme anxieties, harms, annoyance, harassment and alarm, by the Defendant's fraud,

- 2 -

> envy, lust and greed, through, among other things, hatred of this relationship, to sabotage it and to come between Father and Son's last-years [sic] together on earth [sic] for Defendant's personal greater freedoms and gain, without legal authority to do so, to deprive to [sic] the Plaintiff these all important and most-cherished human immediate [sic] family and other rights by committing these acts complained about herein, as pled, that warrant relief.
>
> ***
>
> On August 28, 2013, the [trial court] approved Appellant's *in forma pauperis* application. The Sheriff's Office received a request for service from Appellant on January 8, 2014, and served Appellee on January 13, 2014. On February 7, 2014, Appellee filed an Answer to Appellant's Complaint along with a New Matter. Appellant filed an answer to Appellee's New Matter on March 13, 2014. Appellee moved for a Judgment on the Pleadings on May 6, 2014.
>
> On May 27, 2014, Appellant filed an Answer to Appellee's Judgment on the Pleadings in conjunction with a Motion for Summary Judgment. Appellee answered Appellant's Motion for Summary Judgment on June 26, 2016, and Appellant praecipied the issue. [The trial court] denied Appellant's Motion for Summary Judgment on May 27, 2015. Appellee then filed a Motion for Summary Judgment on February 23, 2016, which the Court granted on August 16, 2016, after it was praecipied. Appellant filed a Notice of Appeal to Superior Court on November 9, 2016.

Trial Court Opinion, filed 11/14/16, at 1-2.

In Appellant's court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, he made the following assertions:

1. The lower court deprived to the Plaintiff due process under law and access to the court by mischaracterizing the Complaint facts. Secured under Article I, [sic] Section II [sic] Courts to be Open [sic] to hear all claims under the Pennsylvania Constitution. Where "the record" explicitly reflects genuine issues of material fact in dispute.

- 3 -

2. Thereby abusing it's [sic] discretion, erring as a matter of law, showed bias or ill-will with prejudice towards the Plaintiff, while showing favoritism to the Defendant, and granting summary judgement [sic] to the Defendant in conflict with the Complaint [sic] well pled record facts that also sought "liberal construction" as a *pro se* litigant besides monetary relief.

Appellant's Pa.R.A.P. 1925(b) statement, 10/20/16. In response, the trial court authored a Rule 1925(a) opinion in which it denies mischaracterizing the Complaint facts and rejects the Complaint's assertion that Article I, § 1 of the Pennsylvania Constitution supports a cause of action against private individuals. Trial Court Opinion, at 6. In the alternative, the court indicated it would deny Appellant's claim because "money damages are inappropriate for violations of the Pennsylvania Constitution such as this." ***Id.*** (citing ***Jones v. City of Philadelphia***, 890 A.2d 1188, 1208 (Pa. Commw. 2006).

Our standard of review of an order granting a motion for summary judgment is well-settled:

> We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

***Daley v. A.W. Chesterton, Inc.***, 37 A.3d 1175, 1179 (Pa. 2012) (citation omitted).

- 4 -

In Appellant's *pro se* brief, he maintains that the court erroneously granted summary judgment based on its mischaracterization of the facts pled and apparent misapprehension of the causes of action maintained in his complaint. Our review of his complaint, however, belies his charge, as the complaint invokes the court's jurisdiction over matters involving "inherent rights of mankind under Section 1 of the Constitution of the Commonwealth of Pennsylvania[,]" and it states one claim, under its section entitled "Summary of Claims," asserting that Appellee violated Appellant's "most-cherished inherent rights of mankind Article I. Section 1. by the Constitution of the Commonweatlh of Pennsylvania[.]" Appellants' Complaint at 1, 5. We, therefore, reject the predicate to Appellant's assertion on appeal.

In that vein, after careful review of the record, party briefs, and the trial court's Rule 1925(a) opinion, we discern no error with the trial courts' reliance on decisional law recognizing no cause of action for money damages under Article I, § 1 of the Pennsylvania Constitution. Accordingly, we adopt the rationale of the trial court in deciding this matter.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2017

- 5 -

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
### CIVIL ACTION-LAW

RAYMOND JOSEPH SMOLSKY

v.

DAWN E. GALE

:
:
:
:
:
:
:
:

No. 2013-05846

Case #: 2013-05846  B09  11447584

Code: 5214        Judge:34
Patricia L. Bachtle, Bucks County Prothonotary
Rcpt: Z1645798  11/14/2016 8:15:19 AM

## OPINION

Plaintiff Raymond Joseph Smolsky (hereinafter "Appellant") appeals this Court's August 16, 2016, Order granting Dawn E. Gale's (hereinafter "Appellee") Motion for Summary Judgment. We file this Opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

### PROCEDURAL HISTORY

On July 31, 2013, Appellant filed a Complaint against Appellee for violating Appellant's "inherent rights of mankind" under Article I, Section 1 of the Pennsylvania Constitution. Complaint 07/31/13, ¶1, 19. On August 28, 2013, the Court approved Appellant's in forma pauperis application. The Sherriff's Office received a request for service from Appellant on January 8, 2014, and served Appellee on January 13, 2014. On February 7, 2014, Appellee filed an Answer to Appellant's Complaint along with a New Matter. Appellant filed an answer to Appellee's New Matter on March 13, 2014. Appellee moved for a Judgment on the Pleadings on May 6, 2014.

On May 27, 2014, Appellant filed an Answer to Appellee's Judgment on the Pleadings in conjunction with a Motion for Summary Judgment. Appellee Answered Appellant's Motion for Summary Judgment on June 26, 2016, and Appellant paecipie'd the issue. This Court denied Appellant's Motion for Summary Judgment on May 27, 2015. Appellee then filed a Motion for

1

Summary Judgment on February 23, 2016, which the Court granted on August 16, 2016, after it was praecipie'd. Appellant filed a Notice to Appeal to Superior Court on November 9, 2016.

## BACKGROUND

Appellant sued Appellee, his niece, for actions arising out of the care of Appellant's now-deceased father, who suffered from dementia. Complaint 7/31/13, ¶¶1, 9–12, 14; Defendant's Motion for Summary Judgment, ¶ 8. Though no oral testimony occurred, Appellant averred the following in his Complaint and his Answer to Appellee's New Matter: (1) while Appellee cared for Appellant's father, she screened his calls out of jealousy of their father-son relationship; (2) Appellee refused to allow a neighbor, with Appellant's Power of Attorney, into Appellant's father's home; (3) Appellee instructed the hospice nurses to not answer calls from the Appellant; (4) Appellee treated Appellant's father poorly out of spite; (5) Appellee ignored Appellant's phone calls because Appellee was engaging in an extramarital affair with one of the hospice nurses in the home; and (6) Appellee fraudulently claimed Appellant has been calling her residence, not Appellant's father's residence. Complaint 7/31/13, ¶ 9-12, 14-18.

Appellee averred that due the Appellant's now deceased father's dementia, speaking with his son on the telephone upset him because he did not understand who he was speaking with. Defendant's Motion for Summary Judgment, ¶ 8; Defendant's Answer to Plaintiff's Complaint Together with New Matter 2/7/14, ¶ 12-13. Appellee averred Appellant has not resided in the home he claims as his domicile, in the twenty-five (25) years due to incarceration.[1] Defendant's Answer to Plaintiff's Complaint Together with New Matter 2/7/14, ¶ 6.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

---

[1] Appellant was sentenced to a twenty-two-and-a-half (22.5) to forty-five (45) year sentence for corruption of minors, involuntary deviate sexual intercourse and rape.

2

On October 4, 2016, this Court issued a 1925(b) Order directing Appellant to file a Concise Statement of Errors within twenty-one (21) days. Appellant submitted his timely Statement of Errors on October 20, 2016, which raised the following issues, *verbatim*:

1. The lower Court deprived to the Plaintiff due process under law and access to the court by mischaracterizing the Complaint facts. Secured under Article I. [sic] Section 11. [sic] Courts to be Open [sic] to hear all claims under the Pennsylvania Constitution. Where "the record" explicitly reflects genuine issues of material fact in dispute.
2. Thereby abusing it's discretion, erring as a matter of law, showed bias or ill-will with prejudice towards the Plaintiff, while showing favoritism to the Defendant, and granting summary judgement [sic] to the Defendant in conflict with the Complaint [sic] well pled record facts that also sought "liberal construction" as a pro se litigant besides monetary relief.

To provide more context of what Appellant is actually claiming, we also include the "Summary of Claims" outlined by Appellee in his Complaint:

The Plaintiff avers that the Plaintiff's most-cherished inherent rights of mankind Article I. [sic] Section 1. [sic] By the Constitution of the Commonwealth of Pennsylvania, is [sic] being [sic] violated and Plaintiff's most-cherished of [sic] loving rights of Father-Son sharing of [sic] their enjoyments of natural senior-years of life and happiness together, is [sic] wantonly and recklessly purposefully being interfered with by the Defendant in order to deprive the Plaintiff these human rights and cause to the Plaintiff extreme anxieties, harms, annoyance, harassment and alarm, by the Defendant's fraud, envy, lust and greed, through, among other things, hatred of this relationship, to sabotage it and to come between Father and Son's last-years [sic] together on earth [sic] for Defendant's personal greater freedoms and gain, without legal authority to do so, to deprive to [sic] the Plaintiff these all important and most-cherished human immediate [sic] family and other rights by committing these acts complained about herein, as pled, that warrant relief.

## ANALYSIS

As a threshold matter, we note merely filing "a timely Pa.R.A.P. 1925(b) statement does not automatically equate with issue preservation." Tucker v. R.M. Tours, 939 A.2d 343, 346 (Pa.Super. 2007). The Superior Court made clear that "Pa.R.A.P. 1925(b) is not satisfied by simply filing any statement. Rather, the statement must be 'concise' and coherent as to permit the trial court to understand the specific issues being raised on appeal." Id.; see also Pa.R.A.P.

3

1925(b)(4)(ii) ("The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge").

Appellant's Complaint and Statement of Errors Complained of on Appeal do not coherently state a concise claim for the court. In an attempt to tease out the issues, it appears Appellant is appealing this Court's ruling granting Appellee's motion for summary judgment by stating a portion of the legal standard on appeal in his 1925(b) filing. Appellant's Complaint purportedly arises from Article I, § 1 of the Pennsylvania Constitution, as such, we begin by discussing the construction of Article I, § 1, then addressing the standard of review on a summary judgment appeal.

The Pennsylvania Constitution empowers the "Legislature to enact all laws which are not forbidden by its letter or spirit" meaning all powers reside in the state but for those denied to it. Commonwealth v. Wormser, 103 A. 500, 501 (Pa. 1918). A basic function of the American system of government is that the power rests in its people and that maxim is present in Article I – "Article I does not restrain the power of the people, it retrains the government structure that the people have created." Gondelman v. Commonwealth, 554 A.2d 896, 904-05 (Pa. 1989). In addition to protecting individuals from the government, Article I of the Pennsylvania Constitution specifically lists the powers denied to the state. Pa. Const. art. I, § 25; see generally Pa. Const. art. I, § 1-24.

Article I § 1 of the Pennsylvania Constitution is as follows:

**§ 1. Inherent rights of mankind**
All men are born equally free and independent, and have certain inherent and indefeasible rights, amongd with are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

Pa. Const. art. I, § 1. The language of this Section protects a citizen's right to the enjoyment of private property whilst thwarting any governmental interference as circumscribed by the Fifth and

4

Fourteenth Amendments to the United States Constitution. Township of Exeter v. Zoning Board of Exeter Township, 962 A.2d 653 (Pa. 2009). A basic tenant of our state constitutional jurisprudence "is that the provisions of Article I of the Pennsylvania Constitution are intended to govern only the actions of the state government." Dillon v. Homeowner's Select, 957 A.2d 772, 776 (Pa. Super. 2008).

Under the Pennsylvania Rules of Civil Procedure 1035.2, summary judgment may be rendered as a matter of law:

> (1) whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report; or

> (2) if after the completion of discovery relevant to the motion ... an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Summary judgment is appropriate when the moving party establishes that the case is free and clear of doubt, that there are no genuine issues of material fact and the moving party is entitled to relief as a matter of law. Summers v. Certainteed Corp., 997 A.2d 1152 (Pa. 2010). The burden is on the moving party but it has long been recognized that summary judgment should be granted to the movant unless the opposing party offers competent evidence, which would be admissible at trial, showing that there is genuine issue as to a material fact which would warrant submitting the case to the trier of fact. Community Medical Services of Clearfield, Inc. v. Local 2665, 437 A.2d 23, 27 (Pa. Super. 1981); see also Godlewski v. Pars Manufacturing Co., 597 A.2d 106 (Pa. Super. 1991) (moving defendant "may point to materials indicating that the plaintiff is unable to satisfy an element of his cause of action"); Roland v. Kravco, Inc., 513 A.2d 1029, 1033 (Pa. Super. 1986) (quoting Tom Morello Construction v. Bridgeport Federal Savings and Loan Association, 421 A.2d 747, 750 (Pa. Super. 1980)) (holding the non-moving party must show a genuine issue of

5

material fact exists through evidence of specific facts). The function of the court is to examine the record in the light most favorable to the non-moving party and accept as true all well-pleaded facts in the pleadings together with all reasonable inferences therefrom favoring the non-moving party. Ryan v. Asbestos Corp. Ltd., 829 A.2d 686 (Pa. Super. 2003).

The scope of review of an order granting or denying summary judgment is plenary. Universal Teleservices, Arizona, LLC v. Zurich American Ins. Co., 879 A.2d 230, 232 (Pa. Super. 2005). The well-established standard of review demonstrates that "the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion." Universal Health Services, Inc. v. PIGA, 884 A.2d 889, 892 (Pa. Super. 2005). "An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will." Chaney v. Meadville Medical Center, 912 A.2d 300, 306 (Pa. Super. 2006); citing Harman v. Borah, 756 A.2d 1116, 1123 (Pa. 2000).

Appellant sued his niece under the Pennsylvania Constitution asserting her actions violated the inherent rights of mankind. Article I, § 1 of the Pennsylvania Constitution does not permit a private cause of action against private individuals. Logically, no facts can be at issue, nor material, if no cause of action exists. Therefore, in viewing the facts most favorably to the Appellant, this claim fails as a matter of law and the Court was obligated to grant Appellee's Motion for Summary Judgment.

Even if, *arguendo*, Appellant had a legally actionable claim under Article I, § 1 against Appellee, money damages are inappropriate for violations of the Pennsylvania Constitution such as this.[2] Cf. Jones v. City of Philadelphia, 890 A.2d 1188, 1208 (Pa. Commw. 2006); see also

---

[2] Appellant asserts a claim of damages greater than $50,000, equitable, and injunctive relief. Complaint 7/31/13, p. 6:3-7:1. However, since Appellant's father has died, the requests for equitable and injunctive relief are moot.

6

Hillgartner v. Port Authority of Allegheny County, 936 A.2d 131, 141 (Pa. Commw. 2007). The Pennsylvania Supreme Court has not recognized a private cause of action for damages under Art. I, § 1 of the Pennsylvania Constitution and generally does not recognize a cause of action against individuals under any constitutional provision. Douris v. Schweiker, 229 F. Supp. 2d 391, 405 (E.D. Pa. 2002) aff'd sub nom. Douris v. Rendell, 100 F. App'x 126 (3d Cir. 2004); see Ryan v. Gen. Mach. Prod., 277 F. Supp. 2d 585, 595 (E.D. Pa. 2003); see also Dooley v. City of Philadelphia, 153 F.Supp.2d 628, 663 (E.D. Pa. 2001); but cf. E.E.O.C. v. Fed. Express Corp., 537 F. Supp. 2d 700, 718 (M.D. Pa. 2005) (allowing a private cause of action for damages but only under the Equal Rights Amendment to the Pennsylvania Constitution).

Appellant also claims in his Statement of Errors Complained of on Appeal, that this Court "mischaracteriz[ed] the Complaint facts . . . [showed] bias or ill-will with prejudice towards the Plaintiff, while showing favoritism to the [Appellee] . . ." These claims are inaccurate, baseless, and irrelevant to the dispositive legal flaw in Appellant's claim (no private cause of actions exists against another private individual through Article I, § 1 of the Pennsylvania Constitution). As evidence of the inaccurate and baseless nature of Appellant's claims, at no point did this Court characterize any facts of the case. As the docket clearly indicates, only four orders have been entered by the Court, none of which included factual characterizations.[3]

Appellant's claim failed as a matter of law and the remedy sought was inappropriate, therefore, this Court was obligated to grant Appellee's Motion for Summary Judgment.

---

[3] The Orders entered by the Court include the following: (1) 8/28/13 Order Approving Appellant's in Propria Persona Application; (2) 5/27/15 Order Denying Appellant's Motion for Summary Judgment; (3) 8/16/16 Order Granting Appellee's Motion for Summary Judgment; (4) 10/4/16 Order to file a 1925(b) Concise Statement of Errors Complaint of on Appeal.

7

## CONCLUSION

For the foregoing reasons, this Court perceives that Appellee presents no genuine issue of material fact, and therefore this Court's August 16, 2016, Order granting Appellee's Motion for Summary Judgment should be affirmed. We respectfully request the Superior Court to affirm this Court's decision.

BY THE COURT:

November 9, 2016
Date

_____
WALLACE H. BATEMAN, JR. J.

8

*Copies to:*

David A. Baun,
Baun & Litt
4 West Oakland Ave.
Doylestown, PA 18901
*Attorney for Appellee*

Raymond Joseph Smolsky
SCI Mahanoy, BM-2892
301 Morea Road
Frackville, PA 17932
*pro se Appellant*